**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JERRY L. KING, JR., <br><br>   Plaintiff, <br><br> v. <br><br> BROCK & SCOTT, PLLC, *et al.*, <br><br>   Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 22-4981 (KMW-MJS) <br><br> **MEMORANDUM OPINION AND ORDER** |

APPEARANCES:

Jerry L. King, Jr., *pro se*
1310 Harrison Avenue
Pleasantville, NJ 08232

Greyson K. Van Dyke, Esquire
Austin D. Skelton, Esquire
Reed Smith LLP
506 Carnegie Center, Suite 300
Princeton, NJ 08540
   Counsel for Defendants Charles Scharf, Michael P. Santomassimo, and Wells Fargo Bank, N.A.[1]

**WILLIAMS, District Judge:**

This matter comes before the Court on the Motion to Dismiss ("MTD") (ECF No. 11) filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") seeking to dismiss with prejudice a

---

[1] Defense counsel state in their notices of appearance that Wells Fargo Bank, N.A. is improperly named "Wells Fargo Bank" in this matter's case caption. *See* ECF Nos. 7, 10.

1

complaint filed by *Pro se* Plaintiff Jerry L. King, Jr. ("Plaintiff").[2] Plaintiff filed a November 7, 2022 letter with supplemental documents (ECF No. 12) which the Court will consider in opposition to Defendant's MTD. The Court, having reviewed the submissions of the parties and considered the MTD without oral argument pursuant to Federal Rule of Civil Procedure 78(b), grants Defendant's MTD.[3]

1. This matter arises from a foreclosure action that Defendant initiated against Plaintiff in New Jersey state court. Compl., ECF No. 1, ¶ 1. Plaintiff appears to claim that the

---

[2] Plaintiff's Complaint lists twenty-eight defendants. Twenty-seven of those defendants have been terminated from this case or are hereby dismissed. First, the originally named Federal Judge Defendants were terminated from this matter because it was determined that Plaintiff's suit against them was patently frivolous under Local Civil Rule 40.1(h). *See* ECF No. 4. Second, Plaintiff's Complaint as to the New Jersey state court judges named in the case caption is dismissed because state judges are entitled to judicial immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) (noting "state judges are absolutely immune from liability for their judicial acts"). Third, Plaintiff's Complaint names Defendants Michael Brock, Jason Branham, Jeremy Wilkins, Naser Selmanovic, and Debbie Stevenson as members of Brock & Scott, PLLC, a law firm that represents Wells Fargo in the underlying foreclosure action. *See* Compl.; *see also* ECF No. 11-4. Those individuals are dismissed from this case because they are entitled to New Jersey's litigation privilege. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 317-19 (3d Cir. 2014) (explaining litigation privilege "functions as a form of civil immunity" that protects an attorney, litigant, or other participant authorized by law from "civil liability arising from words . . . uttered in the course of judicial proceedings"); *see also Peterson v. Ballard*, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996) (acknowledging "[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability"). The Complaint as to Defendant Brock & Scott, PLLC is also dismissed under the litigation privilege. *Id.* Fourth, Defendant's Complaint is dismissed as to the "Atlantic County Superior Court Case Docket #F-001558-20," which this Court acknowledges as Plaintiff's reference to a foreclosure action that underlies this matter in state court, because this matter is still pending as no final judgment of foreclosure has been entered. Def's Br. 1. Moreover, even if a final judgment was entered by the state court, the *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Finally, a review of the Complaint does not provide an alleged factual basis supporting claims of liability against Defendants Charles Scharf and Michael Santomassimo who are named in the Complaint as the CEO and CFO, respectively, of Wells Fargo. As a matter of general corporate and tort law, corporate officers may be liable for alleged torts committed by the corporation only if the officer personally participated in the tort. *See Meyer v. Holley*, 537 U.S. 280, 286 (2003) ("A corporate employee typically acts on behalf of the corporation, not its owner or officer."); *N. Am. Steel Connection, Inc. v. Watson Metal Prods. Corp.*, 515 F. App'x 176, 181 (3d Cir. 2013) (explaining that under the "participation theory" of liability "a corporate officer can be held personally liable for a tort committed by the corporation when he or she is sufficiently involved in the commission of the tort" (quoting *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 303 (2002)). The Complaint fails to allege participation by the CEO and CFO. Accordingly, defense counsel's request to dismiss Scharf and Santomassimo is hereby granted. Consequently, the only remaining defendant is Wells Fargo.

[3] This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

foreclosure action is unlawful because payments were made on the mortgage of the property and, accordingly, the loan secured by the mortgage should not be in default. *Id.* ¶¶ 5, 6.

2. On October 19, 2004, Plaintiff's mother, Frances H. King ("King"), executed a promissory note in favor of World Savings Bank, FSB, its successors and/or assignees in exchange for a loan in the amount of $101,250.00, which was secured by a mortgage (the "Mortgage") on the subject property located in Pleasantville, New Jersey. Certification of Austin D. Skelton ("Skelton Cert."), ECF No. 11-3, Ex. A, ¶¶ 1-3. The note contained an agreement stating that "if the borrower defaults by failing to pay in full any monthly payments, [the] Lender may require immediate payment in full of the principal balance remaining due and all accrued interest." *Id.* ¶ 6. Following a corporate merger with the originating lender, Wells Fargo became the holder of the note and Mortgage. *Id.* ¶ 2(a-c). Thereafter, King entered into an agreement with Wells Fargo which modified the Mortgage's maturity date but did not modify the unpaid principal balance of $101,250.00. *Id.* ¶ 2(d). King died on November 17, 2018. *Id.* ¶ 5(a).

3. On January 30, 2020, Defendant commenced a foreclosure action against several parties, including Plaintiff as an heir to King's estate, in the Superior Court of New Jersey, Chancery Division, Docket No. F-001558-20 (the "Foreclosure Action"). *See* Skelton Cert., Ex. A. That case is currently pending before the state court. Def's Br. 1. In the Foreclosure Action, Defendant alleged that the Mortgage installment payment due on July 1, 2019, and all payments due thereafter, were not paid and the loan went into default. Skelton Cert., Ex. A., ¶ 7. The state court entered a default against Plaintiff and certain other parties named in the complaint after they failed to file pleadings or otherwise provide a defense in the Foreclosure Action. Skelton Cert., Ex. B at 1. Default as to Plaintiff was later vacated. Skelton Cert., Exs. C, D. Thereafter,

3

Plaintiff filed an answer to the complaint, stating, in part, Defendant "has been paid-in-full and ha[s] suffered no injury but persist[s] in attempting to unlawfully foreclose" on the subject property. Skelton Cert., Ex. E at 2. Plaintiff asserted violations of federal law, including 42 U.S.C. § 1983 ("Section 1983"), the Fair Debt Collection Practices Act ("FDCPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Truth in Lending Act ("TILA"). *Id.* at 2, 6.

4. Plaintiff filed the instant action on August 9, 2022. In the Complaint, Plaintiff appears to allege that Defendant's foreclosure action is fraudulent. *See* Compl. ¶ 1. Specifically, Plaintiff asserts that Defendant is "unlawfully attempting to facilitate a fraudulent seizure of Executors' Estate & Private/Real property." *Id.* ¶ 20. As such, Defendant allegedly lacked standing to bring the Foreclosure Action. *Id.* ¶¶ 8, 12. Plaintiff also alleges that Defendant "received multiple payments on different occasions to pay off the alleged debt" but the "funds were never credited to [his] deceased Mother's account." *Id.* ¶ 6. Plaintiff appears to assert seven causes of action in his Complaint, some of which he repeats from the answer he filed in the Foreclosure Action: (1) fraud; (2) violations of RICO; (3) violations of the FDCPA; (4) civil rights violations, including claims under 18 U.S.C. § 242 and Section 1983; (5) violations of TILA; (6) intentional infliction of emotional distress, and (7) quiet title. Defendant moves to dismiss the Complaint.

5. Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

4

544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). *Pro se* complaints are liberally construed and "held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). A *pro se* complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mishra v. Fox*, 197 F. App'x 167, 168 (3d Cir. 2006) (quoting *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3d Cir. 1996)).

6. Defendant first moves for dismissal of Plaintiff's Complaint on the basis that his claims are barred by the *Younger* abstention doctrine. "*Younger* requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 27 F.4th 886, 890 (3d Cir. 2022) (quoting *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019)). *Younger* applies to "three 'exceptional circumstances': (1) 'state criminal prosecutions'; (2) 'civil enforcement proceedings'; and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Id.* at 891 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)). Here, the Foreclosure Action is neither a criminal prosecution nor "a civil enforcement proceeding 'akin to a criminal prosecution' in 'important respects.'" *Malhan*, 938 F.3d at 463 (quoting *Sprint*, 571 U.S. at 79). Moreover, it is not

"uniquely in furtherance of the state court['s] ability to perform [its] judicial functions." *Id.* (quoting *Sprint*, 571 U.S. at 78). Importantly, courts have declined to apply the *Younger* doctrine in the context of state foreclosure proceedings. *Hernandez v. Fed. Nat'l Mortg. Ass'n.*, No. 14-7950, 2015 WL 3386126, at *2 (D.N.J. May 26, 2015) (collecting cases that decline to apply the *Younger* doctrine in the context of state foreclosure proceedings). Accordingly, the *Younger* doctrine is inapplicable in this case.

7. On the other hand, "[t]he *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." *Tomasi v. Twp. of Long Beach*, 364 F. Supp. 3d 376, 388 (D.N.J. 2019) (quoting *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton*, 571 F.3d 299, 307 (3d Cir. 2009)). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). They may abstain, however, from hearing cases and controversies under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 813 (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)).

8. Whether abstention is appropriate is a two-part inquiry. First, the Court must determine whether the two actions are parallel. *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). "[P]arallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006) (alteration in original) (quoting *Yang v. Tsui*, 416 F.3d 199, 205 (3d Cir. 2005)). If the proceedings are parallel, the Court then looks to a "multi-factor test to determine whether 'extraordinary circumstances' meriting abstention are present."

6

*Nationwide*, 571 F.3d at 308 (quoting *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999)). In determining whether an action presents "extraordinary circumstances" the Court considers the following six factors:

> (1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Id.* (alteration in original) (quoting *Spring City*, 193 F.3d at 171). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818-19.

9. Here, the Foreclosure Action and the instant action are parallel proceedings. Both cases involve essentially the same parties: Plaintiff and Defendant Wells Fargo. Additionally, Plaintiff's claims arise out of the same mortgage transaction that was the basis for the state court Foreclosure Action. Plaintiff claims in both actions that Defendant does not have standing in the Foreclosure Action and that the loan is not in default. While the remaining allegations in Plaintiff's Complaint do not repeat verbatim the answer or affirmative defenses Plaintiff provided in the Foreclosure Action, all of the claims in the matter before this Court are based on the same underlying factual allegations – 1) Plaintiff made payments on the mortgage, 2) Wells Fargo received those payments but did not provide credit for them, and 3) Wells Fargo unlawfully instituted foreclosure proceedings. Compl. ¶¶ 5-6, 12. Indeed, even Plaintiff's new allegations of "intentional infliction of emotional distress" and "quiet title" are related to the default status of the loan and Defendant's standing to pursue foreclosure proceedings. Compl. ¶¶ 56, 58. Accordingly, the Foreclosure Action and the instant action concern whether Defendant is

entitled to foreclose on the subject property and, thus, are parallel under the *Colorado River* doctrine.

10. Furthermore, the Court must abstain from deciding Plaintiff's claims due to extraordinary circumstances. First, the state court obtained jurisdiction over Plaintiff's property first, and "the presence of an in rem dispute in the state court action weighs in favor of abstention." *Chambers v. Wells Fargo Bank, N.A.*, 726 F. App'x 886, 888 (3d Cir. 2018). Second, with regard to the inconvenience of the federal forum, given the Foreclosure Action is pending in state court, it is inconvenient for the parties to simultaneously litigate a second case in this Court. *See Gurvey v. MT&T Bank, Inc.*, No. 20-7831, slip op. at 3 (D.N.J. Dec. 17, 2020). Third, "there must be a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review[,]" *Ryan*, 115 F.3d at 198, however, "*Colorado River* abstention must be grounded on more than just the interest in avoiding duplicative litigation." *Spring City*, 193 F.3d at 171-72. Here, abstention is grounded on more than mere duplication. Importantly, if this Court were to find, as Plaintiff requests, that the Foreclosure Action is impermissible in light of a state court judgment allowing foreclosure, that finding "would throw into turmoil the parties' rights and obligations over [P]laintiff's home and mortgage, as well as the comity between courts." *St. Clair v. Wertzberger*, 637 F. Supp. 2d 251, 255 (D.N.J. 2009).

11. Fourth, the state court obtained jurisdiction first in the Foreclosure Action and that action is still pending. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983) (stating that the order in which jurisdiction was obtained "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions"). While the Foreclosure Action was filed in January 2020 and has

been on the state court's docket for over three years, the instant action was filed in August 2022 and has been on this Court's docket for less than one year. Since the commencement of the Foreclosure Action in 2020, and according to the procedural history provided in the record before this Court, Defendant filed a complaint, the state court entered a default against Plaintiff and certain other parties, the default was later vacated, and Plaintiff filed an answer to the complaint. On the other hand, with regard to substantive pleadings in the instant action, Plaintiff filed the Complaint, Defendant filed a motion to dismiss that Complaint, Plaintiff opposed that motion, and Defendant filed a reply brief in further support of the motion to dismiss. In comparing the procedural history of both cases, the Court observes that more progress has been made in the Foreclosure Action than in the instant action, notwithstanding any additional activity that may have occurred since October 4, 2022, when Defendant last represented to this Court that the Foreclosure Action was pending.

12. Fifth, Plaintiff's Complaint alleges common law claims and violations of federal statutes; accordingly, both federal and state law apply. Finally, extraordinary circumstances are presented by this case because while "the presence of federal-law issues must always be a major consideration weighing against surrender," *Moses H. Cone Memorial Hospital*, 460 U.S. at 26, this Court finds that the state court is an adequate forum to review Plaintiff's federal and state claims "given the state court's familiarity with foreclosure actions" and the fact that the parties have been litigating these claims for over three years in state court. *Gurvey*, slip op. at 3.

13. Moreover, this Court must abstain from hearing Plaintiff's case and dismiss Plaintiff's Complaint without prejudice because the Foreclosure Action and the instant matter are parallel proceedings and, on balance, the factors weigh in favor of abstention.

14. Plaintiff may refile his claims in this Court once the Foreclosure Action in state court has reached a final resolution. However, this Court notes *res judicata* principles may be implicated at that time. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 282 (2005) ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.").

15. Finally, as Plaintiff's Complaint is dismissed pursuant to the *Colorado River* doctrine, the Court does not address Defendant's remaining arguments with respect to whether Plaintiff fails to state viable causes of action.

## ORDER

IT IS this ___ day of **May, 2023**, hereby

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**.

**ORDERED** that Plaintiff's Complaint is therefore **DISMISSED** without prejudice.

KAREN M. WILLIAMS
United States District Judge